IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CYNTHIA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cv-0942-MJR-DGW |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Reagan, District Judge:

Cindy Taylor and her minor daughter Tabitha live in Jackson County, Illinois, within this Judicial District. In February 2009, Cindy and Tabitha went to their local Wal-Mart store in Murphysboro, Illinois, where Cindy purchased a new coat for Tabitha. According to a complaint filed by Cindy in Illinois state court in October 2009, Tabitha has "a learning disability known as Downs Syndrome" (Doc. 2-3, p. 1), a condition "obvious to any reasonable person" encountering Tabitha, and while on a school outing to the Wal-Mart store, the following occurred.

Cindy bought Tabitha a new coat. Cindy gave the coat to Tabitha and left Tabitha at the store with classmates, under the supervision of school instructors. Shortly thereafter, Wal-Mart personnel approached Tabitha and accused her of stealing the coat. The Wal-Mart employees chastised Tabitha in a threatening manner in front of Tabitha's classmates. These actions were intended to and did cause Tabitha mental distress and embarrassment.

The complaint contains claims for intentional infliction of emotional distress (Count I), slander (Count II), and conversion (Count III).  Suing as guardian and next friend of minor Tabitha, Cindy seeks over $50,000 in actual damages, plus punitive damages and costs.

Served on October 16, 2009, Wal-Mart timely removed the case to this District Court and now moves to dismiss and strike portions of the complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(f).  Rule 12(b)(6) governs motions to dismiss for failure to state a claim; Rule 12(f) governs motions to strike.

A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted.  **Hallinan v. Fraternal Order of Police**, 570 F.3d 811, 820 (7th Cir.), **cert. denied**, – S. Ct. –, 2009 WL 3092496 (Nov. 30, 2009).  Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."  **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007).

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor.  **Rujawitz v. Martin**, 561 F.3d 685, 688 (7th Cir. 2009); **Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP**, 475 F.3d 824, 833 (7th Cir.)**, cert. denied**, 552 U.S. 824 (2007).

In ***Tamayo v. Blagojevich***, **526 F.3d 1074, 1083 (7th Cir. 2008)**, the Seventh Circuit emphasized that even though ***Bell Atlantic*** retooled federal pleading standards, notice pleading remains all that is required in a complaint.  "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." ***Id.  Accord Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008)("surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations "must be enough to raise a right to relief above the speculative level").  *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief; "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'").**

Rule 12(f) authorizes a district court – on its own or on motion filed by a party – to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Thus, a district court can strike allegations devoid of factual basis under Rule 12(f).  ***Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009).** Here, Defendant Wal-Mart moves to strike the prayer for punitive damages

from all three counts of the complaint and moves to dismiss Counts I and II for failure to state a claim.

Count I is the claim for intentional infliction of emotional distress ("IIED").  The elements of an IIED claim in Illinois are threefold: (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress *or* knew there was a high probability that severe emotional distress would result from his conduct, and (3) the conduct in fact did inflict severe emotional distress on the plaintiff.  **See *Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006), citing *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988); *Lifton v. Board of Educ.,* 416 F.3d 571, 579 (7th Cir. 2006), *citing Thomas v. Fuerst*, 803 N.E.2d 619, 625 (Ill. App. 2004).**  Severe emotional distress is "distress so severe that no reasonable person could be expected to endure it." ***Lifton*, 416 F.3d at 579***.*

As the Seventh Circuit declared three months ago: "An intentional infliction of emotional distress claim in Illinois requires that the defendants' conduct be 'extreme and outrageous,' ... 'so extreme as to beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community.'" ***Hukic v. Aurora Loan Services*, 588 F.3d 420, 438 (7th Cir. 2009), *quoting Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992), and *Lewis v. School Dist. #70*, 523 F.3d 730, 747 (7th Cir. 2008).**

Cindy Taylor's complaint alleges that Wal-Mart's employees (who

knew or should have known of Tabitha's mental condition), with malice and in a threatening manner, accused Tabitha of stealing the coat, intended to cause Tabitha mental distress and embarrassment, and caused Tabitha "great" emotional distress, via statements and actions that were both outrageous and egregious.

We are only at the pleading stage, not the proof stage, in this case. Still the complaint presents a close call for the Court, accepting as true all well-pled allegations of the complaint and drawing all reasonable inferences in Taylor's favor, ***St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7ᵗʰ Cir. 2007), *cert. denied*, 128 S. Ct. 2431 (2008).** Count I *references* the three elements of an IIED claim under Illinois law, and the complaint notifies Wal-Mart of the basis for the claim.  It is difficult to find the allegations "so sketchy that the complaint does not provide the type of notice ... to which the defendant is entitled under Rule 8." ***Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC,* 499 F.3d 663, 667 (7ᵗʰ Cir. 2007).**

Yet the allegations fall just short.  Count I does not state that Wal-Mart's conduct caused *severe* emotional distress to Tabitha (instead describing it as *great* emotional distress).  Illinois law plainly requires "severe" emotional distress.  Illinois courts repeatedly have pointed out that this is a "demanding standard," that the tort of IIED does not extend to "insults, indignities, threats, annoyances [and] petty oppressions," and that the law intervenes only where

the distress inflicted is *so severe* that no reasonable person could be expected to endure it. ***Breneisen v. Motorola, Inc.*, 512 F.3d 972, 982 (7th Cir. 2008); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 84 (Ill. 2003); *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 683 (Ill. App. 1999).** For this reason, the Court concludes that Count I fails to state a claim upon which relief can be granted and (as described below) will permit Plaintiff to amend.

Count II presents a state law claim for slander. Older cases carefully differentiated between libel and slander claims. But Illinois largely "has abolished the distinction between slander and libel," and cases generally refer to defamation or defamatory statements. ***Brown v. Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262, 267 (7th Cir. 1983). *See also Joseph v. Collis*, 649 N.E.2d 964, 971 (Ill. App. 1995)("the rules which apply to slander likewise apply to libel.").**

Defamation actions provide redress for false statements of fact that harm a plaintiff's reputation. ***Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 532 (7th Cir. 2009); *Brennan v. Kadner*, 814 N.E.2d 951, 956 (Ill. App. 2004).** A statement is defamatory if causes such harm to another person's reputation such that "it lowers that person in the eyes of the community" or deters third persons from associating with the person. ***Kolegas*, 607 N.E.2d at 206. *Accord Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006).**

The elements of an Illinois defamation claim are (1) the defendant made a false statement concerning the plaintiff, (2) the defendant made an unprivileged publication of that statement to a third person, and (3) the plaintiff suffered damages as a result. **Giant Screen Sports, 553 F.3d at 532. Accord Solaia Technology, LLC v. Specialty Pub. Co., 852 N.E.2d 825, 839 (Ill. 2006).**

To succeed on a defamation claim, a plaintiff normally must show that the unprivileged communication of the false statement caused her harm. "In Illinois this type of action is called *per quod* defamation. Some statements, however, are so obviously harmful that injury to the plaintiff's reputation can be presumed and [the statements] are considered actionable *per se*." **Lott v. Levitt, 556 F.3d 564, 568-69 (7th Cir. 2009).** Put another way, a statement is defamatory *per se* if its harm is apparent on its face. **Solaia, 852 N.E.2d at 839.**[1]

In the case at bar, the complaint pleads the first two of three essential elements of a defamation (slander) claim. Cindy Taylor alleges that a Wal-Mart employee or employees made a false statement about and to Tabitha Taylor (falsely accusing Tabitha of stealing the coat her mom had

---

[1]    Illinois recognizes five categories of statements considered defamatory per se, such as words imputing that a person has committed a crime or has a loathsome communicable disease. But even a defamatory per se statement may not be actionable if it is reasonably capable of an innocent construction. **Id.**

purchased) and that they made these false accusations to/in front of third persons (Tabitha's classmates and instructors).  Count II does not allege, though, that Tabitha suffered damages as a result of the defamatory statement.

Count II alleges that the employees made the false accusations (which amounted to "an accusation of criminal behavior") with malice and "with the intent of doing harm to Tabitha Taylor [sic] reputation and good name" (Doc. 2-3, p. 6).  This suggests that defamation *per se* is pled.  But Count II does not squarely allege that "the plaintiff suffered damages as a result" of the unprivileged publication of the defamatory statement, a necessary element. *See, e.g., Madison v. Frazier*, **539 F.3d 646, 653 (7th Cir. 2008);** *Green v. Rogers*, **917 N.E.2d 450, 459 (Ill. 2009).**  The Court will afford Plaintiff's counsel an opportunity to amend the complaint to re-plead this claim.

Dismissal of Counts I and II also is sought on the ground that Plaintiff attempts to hold Wal-Mart liable for the intentional misconduct of its employees, but the complaint omits "facts" under which vicarious liability could be imposed.  Wal-Mart broadly notes that a "corporation is not liable for all torts committed by its employee" (Doc. 4, p. 4), which is true, but Wal-Mart does not furnish any caselaw supporting the contention that dismissal is warranted if a complaint fails to plead *facts establishing the manner in which defendant could be held vicariously liable* for the acts of its employees.  Of course, Plaintiff's counsel is free to beef up these allegations in the amended complaint,

anticipating the fresh dispositive motion that may follow amendment.

Another reason supports amendment of the complaint herein. Wal-Mart correctly asserts that the punitive damages request does not belong in the prayer for relief of Count I. Punitive damages are not available in Illinois for claims of intentional infliction of emotional distress. ***See, e.g., Gragg v. Calandra*, 696 N.E.2d 1282, 1290 (Ill. App. 1998).** The parties failed to adequately brief the propriety of punitive damages as to the defamation and conversion claims (Counts II and III), so the Court does not reach those issues.

For the reasons stated above, the Court **GRANTS in part** Defendant's motion to dismiss and strike (Doc. 4). The Court **DISMISSES** Plaintiff's complaint in its entirety. The Court **DIRECTS** Plaintiff to file a First Amended Complaint no later than February 10, 2010. Counts shall be labeled using Arabic numbers (1, 2, 3) rather than Roman numerals (I, II, III).

IT IS SO ORDERED.

DATED: January 12, 2010.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge