IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CYNTHIA TAYLOR,                    )
                                   )
                    Plaintiff,     )
                                   )
vs.                                )        Case No. 09-cv-0942-MJR-DGW
                                   )
WAL-MART STORES, INC.,             )
                                   )
                    Defendant.     )

MEMORANDUM and ORDER

Reagan, District Judge:

        A.      Introduction & Procedural History

Cynthia Taylor sues Wal-Mart Stores, Inc. (WalMart) on behalf of her learning-disabled minor daughter (Tabitha), following an incident which occurred when the Taylors visited the Murphysboro, Illinois WalMart store. On February 4, 2009, Cynthia and Tabitha entered the store, where Cynthia purchased a new coat for Tabitha, gave the coat to Tabitha, and left Tabitha at the store under the supervision of her school instructors, who had arrived for a field trip with a group of Tabitha's classmates. While on this school outing, Tabitha, who suffers from Downs Syndrome, was confronted by WalMart employees and accused of theft, as is described more fully below.

The original complaint, filed in the Circuit Court of Jackson County, Illinois, contained claims for intentional infliction of emotional distress, slander and conversion – all premised on the allegation that Tabitha was falsely accused of stealing merchandise and was chastised in a threatening manner in front of the students and instructors.

After the case was timely removed to this Court, the undersigned Judge verified that subject matter jurisdiction lies under the diversity statute, 28 U.S.C. § 1332. Defendant WalMart then moved to dismiss and strike under Federal Rule of Civil Procedure 12(b)(6) and 12(f).

On January 12, 2010, the undersigned Judge partially granted WalMart's motion and gave Cynthia Taylor leave to file an amended complaint. Taylor did so on January 29, 2010. The first amended complaint (Doc. 20) contains three claims:

- Count 1 alleges intentional infliction of emotional distress.
- Count 2 alleges slander.
- Count 3 alleges conversion.

Now before the Court, fully briefed, is WalMart's motion to dismiss and strike portions of the amended complaint. WalMart argues that, post-amendment, Count 1 still fails to state a cause of action for intentional infliction of emotional distress, meriting dismissal. WalMart further asserts that Counts 2 and 3 contain no allegations supporting an award of punitive damages, so the Court should strike the prayer for punitives in both those counts.

B.     Applicable Legal Standards

As noted in the Court's recent Order herein, Rule 12(b)(6) governs motions to dismiss for failure to state a claim, and Rule 12(f) governs motions to strike. A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7*, **570 F.3d 811, 820 (7th Cir.),** *cert. denied*, **130 S. Ct. 749 (2009).** And Rule 12(f) authorizes a district court to

-2-

strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Thus, a district court can strike allegations devoid of factual basis under Rule 12(f).  *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, **554 F.3d 1133, 1142 (7th Cir. 2009)**.

WalMart's seeks dismissal of Count 1 of Taylor's amended complaint under Rule 12(b)(6).  The United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, **550 U.S. 544, 570 (2007)**, that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."  In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor.  *Rujawitz v. Martin*, **561 F.3d 685, 688 (7th Cir. 2009);** *Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, **475 F.3d 824, 833 (7th Cir.)**, *cert. denied*, **552 U.S. 824 (2007). See also** *Hemi Group, LLC v. City of New York*, **130 S. Ct. 983, 986-87 (2010)("This case arises from a motion to dismiss, and so we accept as true the factual allegations in the ... amended complaint.").**

Even though *Bell Atlantic* retooled federal pleading standards, notice pleading remains all that is required in a complaint.  "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief."  *Tamayo v. Blagojevich*, **526 F.3d 1074, 1083 (7th Cir. 2008). See also** *Erickson v. Pardus*, **551 U.S. 89, 93 (2007)(Rule 8 requires only a**

short and plain statement of the claim showing that the pleader is entitled to relief; "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'").  But "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level."  *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).  With these principles in mind, the Court turns to Taylor's amended complaint.

       C.    Analysis

Count 1 is Taylor's claim for intentional infliction of emotional distress (IIED).  Sitting in diversity, the undersigned Judge applies Illinois substantive law.  *See, e.g., Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir.), *cert. denied*, 130 S. Ct. 1025 (Dec. 14, 2009), *citing Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  As noted in the Court's recent Order (Doc. 14 at p. 4):

> The elements of an IIED claim in Illinois are threefold: (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress *or* knew there was a high probability that severe emotional distress would result from his conduct, and (3) the conduct in fact did inflict severe emotional distress on the plaintiff. *See Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006), citing *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988); *Lifton v. Board of Educ.*, 416 F.3d 571, 579 (7th Cir. 2006), *citing Thomas v. Fuerst*, 803 N.E.2d 619, 625 (Ill. App. 2004).

WalMart posits that the amended complaint falls short on the first and third element above.  Illinois law is clear on what is required.  To satisfy the first element, the defendant's conduct must be "so extreme as to beyond all possible bounds of decency, and

-4-

to be regarded as intolerable in a civilized community." ***Hukic  v. Aurora Loan Services***, **588 F.3d 420, 438 (7th Cir. 2009),** *quoting Kolegas v. Heftel Broad. Corp.*, **607 N.E.2d 201, 211 (Ill. 1992), and** *Lewis v. School Dist. #70*, **523 F.3d 730, 747 (7th Cir. 2008).**   To satisfy the third element, the distress inflicted must be "so severe that no reasonable person could be expected to endure it."  ***Lifton***, **416 F.3d at 579.**

Taylor's amended complaint is not chock-full of juicy details and facts. But, accepting as true all well-pled allegations of the complaint *and* drawing all reasonable inferences in Taylor's favor, ***St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007),** *cert. denied*, **128 S. Ct. 2431 (2008),** the Court concludes that Count 1  suffices.

Taylor alleges that Tabitha's medical condition and mental status are obvious, would have been readily apparent to, and were known by the WalMart employees.  Taylor alleges that the employees approached Tabitha and accused her of committing a crime (i.e., stealing the coat her mother had bought her earlier that day).  Taylor alleges that the statements and actions of the WalMart employees (including at least one managerial employee with authority to act on behalf of the company) were made or taken in a threatening manner, with malice, and with the intent not just to embarrass Tabitha in front of her classmates and teachers but also to cause her mental distress.  Taylor alleges that the outrageous and egregious statements and actions of the employees in fact caused Tabitha severe emotional distress.

Two months ago, the Seventh Circuit summarized what it takes for a

complaint to pass muster under Rule 12(b)(6) in the post-*Iqbal/Bell Atlanatic* landscape.

> The Supreme Court has described the bar that a complaint must clear for purposes of Rule 12(b)(6) as follows ... [the] "complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face."…. A "formulaic recitation of the elements of a cause of action will not do" ... [but] a plaintiff must provide "only enough detail to give the defendant fair notice of what the claim is and the grounds on which it rests, and, through his allegations, shows that it is plausible, rather than merely speculative, that he is entitled to relief."

***Reger Development, LLC v. National City Bank***, **592 F.3d 759, 763-64 (7**[th]** Cir. 2010),** *quoting Iqbal***, 129 S. Ct at 1949,** *Bell Atlantic***, 550 U.S. at 555, and** *Tamayo***, 526 F.3d at 1083.** *Accord In re marchFIRST Inc.***, 589 F.3d 901, 905 (7**[th]** Cir. 2009)(After** *Bell Atlantic,* **it is no longer sufficient for a complaint to avoid foreclosing possible bases for relief; "The plaintiff must plead some facts that suggest a right to relief that is beyond the 'speculative level.'").**

Count 1 does more than recite the elements of an IIED cause of action. It furnishes enough detail to put WalMart on notice of what Taylor's claim is and the grounds on which that claim rests. And the allegations of Count 1 reveal Taylor's right to relief as *plausible,* rather than merely speculative.

Surviving summary judgment will be a whole different matter. In that context, the undersigned Judge does *not* accept as true all well-pled allegations of the complaint. And Illinois law imposes a "demanding standard" for proof of IIED. The case law consistently emphasizes that this tort does not extend to "insults, indignities, threats,

annoyances [and] petty oppressions," and the law intervenes only where the distress inflicted is *so severe* that no reasonable person could be expected to endure it. ***Breneisen v. Motorola, Inc.*, 512 F.3d 972, 982 (7th Cir. 2008); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 84 (Ill. 2003); *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 683 (Ill. App. 1999).** Discovery should disclose whether the emotional distress allegedly suffered by Tabitha was sufficiently severe, and whether the precise statements made and actions taken by the WalMart employees were extreme and outrageous enough to constitute the tort of IIED.

Which leaves WalMart's arguments that the Court should strike the punitive damage prayers in Counts 2 and 3 of the amended complaint via Rule 12(f), because " the nature of defendant's alleged conduct does not justify the imposition of punitive damages," and "plaintiff failed to plead facts sufficient to permit recovery of punitive damages against defendant" (Doc. 22, p. 2). Stated simply, WalMart maintains that Taylor has not alleged *any conduct* that would permit her to recover punitive damages (*see* Doc. 23, p. 6).

Count 2 is Taylor's claim for slander, and Count 3 alleges conversion. In moving to strike the prayer for punitive damages contained in ¶16(b) of each count, WalMart does not contend that such damages are *never recoverable* in these causes of action under Illinois law. Indeed, under appropriate circumstances, punitive damages are recoverable for conversion and slander under Illinois law. ***See, e.g., Dubey v. Public Storage, Inc.*, 918 N.E.2d 265, 278-79 (Ill. App. 2009)("it is undisputed that punitive damages are available for conversion.").**

Rather, WalMart claims that there is nothing "particularly outrageous" about

the alleged conduct to warrant the imposition of punitives here (Doc. 23, p. 6).

Whether punitive damages can be awarded for a particular cause of action is a question of law, but whether a defendant's conduct was sufficiently willful or wanton to justify the imposition of punitive damages is a fact question the for the jury to decide. *Medow v. Flavin*, **782 N.E.2d 733, 746 (Ill. App. 2002),** *citing Schmidt v. Ameritech Illinois,* **768 N.E.2d 303 (2002), and** *Cirrincione v. Johnson*, **703 N.E.2d 67 (Ill. 1998).**

In the case at bar, we do not yet know (and, under the federal system of notice pleading, the complaint was not required to include) all the specific details of which employee said what to whom and whether those employees took certain actions. So it is premature to conclude that *none* of the WalMart employees (whose identities and positions the record does not yet include) acted willfully or with such gross negligence as to indicate a wanton disregard for the rights of others – thereby potentially supporting a punitive damage award on the tort of conversion, for instance. ***See Dubey*, 918 N.E.2d at 279.**

The Court is cognizant (and Taylor's counsel should bear in mind) that Illinois law disfavors the award of punitive damages. As the Illinois Court of Appeals reiterated three months ago in *Gambino v. Boulevard Mortgage Corp.*, **– N.E.2d –, 2009 WL 4795915, *35 (Ill. App. Dec. 11, 2009):**

> The purpose of punitive damages is: " '(1) to act as retribution against the defendant; (2) to deter the defendant from committing similar wrongs in the future; and (3) to deter others from similar conduct.' " Gomez v. The Finishing Co., ... 861 N.E.2d 189 (2006)....
> Such damages will be awarded only where the defendant's

> conduct is willful or outrageous due to evil motive or a reckless indifference to the rights of others. ...
>
> Because punitive damages are not favored in the law they are only available in cases where the wrongful act complained of is characterized by wantonness, malice, oppression, willfulness, or other circumstances of aggravation.

Furthermore, WalMart properly points out that Taylor will need to clear an additional hurdle here to establish liability against WalMart for the torts of its employees. Under the doctrine of *respondeat superior*, an employer can be held liable for the torts of its employee, when those torts are committed within the scope of the employment. An employer's vicarious liability extends to the negligent, willful, malicious, and even criminal acts of its employees, if those acts are committed within the scope of employment. ***Adames v. Sheahan*, 909 N.E.2d 742, 754-55 (Ill. 2009).**

But, pursuant to the "corporate complicity rule," punitive damages can only be assessed against a corporate defendant if a superior officer of the corporation participated in, ratified, or ordered the outrageous conduct of the employee. The Seventh Circuit has explained:

> Under Illinois law, a jury may not aware punitive damages against a corporation on a theory of respondeat superior. Instead, the plaintiff must show that the responsible employee was acting in a managerial capacity or that his acts were authorized or ratified by the corporation.

*Jannotta v. Subway Sandwich Shops, Inc.*, **225 F.3d 815, 817 (7th Cir. 2000).**

Similarly, in ***Hargan v. Southwestern Elec. Co-op, Inc.*, 725 N.E.2d 807, 810-11**

**(Ill. App. 2000)**, the Illinois Court of Appeals remarked: "Corporate complicity is derived from the Restatement (Second) of Agency ... and allows for the imposition of punitive damages against a corporation if a superior officer of the corporation ordered, participated in, or ratified outrageous conduct on the part of an employee."

WalMart believes that the incident described in Taylor's amended complaint does not rise to the level of corporate complicity.  So WalMart moves to *strike* the punitive damage prayers based on Rule 12(f).  The federal district courts are vested with considerable discretion to strike "redundant, immaterial, impertinent or scandalous matter" from the pleadings, including any allegations utterly devoid of factual basis. ***Delta Consulting*, 554 F.3d at 1141-42.**

Taylor's amended complaint alleges that one of the employees who confronted, accused and threatened Tabitha held a managerial position, was authorized to act on the company's behalf, and was acting with the scope of employment at the time in question.  When the record is more complete, revealing details as to the identities, positions, statements and actions of WalMart's employees, it may be evident that punitive damages are not recoverable.  But at this stage in the litigation (only four months post-removal, with discovery permitted through mid-August 2010) and in the context of the pending motions, the undersigned Judge cannot declare the punitive damage prayers to be devoid of factual basis, immaterial, impertinent or scandalous, and thus will not strike them under Rule 12(f).

D.      <u>Conclusion</u>

For all these reasons, the Court **DENIES** Defendant WalMart's February 5, 2010 motion to dismiss and strike (Doc. 22).

IT IS SO ORDERED.

DATED March 29, 2010.


<u>s/Michael J. Reagan</u>
Michael J. Reagan
United States District Judge

-11-